IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMARIO MALONE, )
#10027-025, )
 )
      Petitioner, )
 )
vs. )   Case No. 18–cv–714–DRH
 )
B. TRUE, )
 )
      Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Demario Malone, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the recent case *Dean v. United States*, 137 S.Ct. 1170 (2017), he challenges the sentence he received in *United States v. Malone*, 12-cr-30330-DRH (S.D. Ill. 2013) ("Criminal Case"). (Doc. 1). The Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

On November 1, 2013, pursuant to a written plea agreement, petitioner entered a guilty plea in his Criminal Case to charges of conspiracy to distribute and possess with the intent to distribute marijuana (Count 1) and possession of a

1

firearm in furtherance of a drug trafficking crime (Count 2). (Doc. 1, p. 3). Petitioner received a 70-month prison sentence under Count 1 and a 60-month sentence under Count 2, to run consecutively. (Doc. 1, p. 3).

Petitioner appealed the sentence, but the appeal was dismissed because petitioner waived his right to appeal in his plea agreement. (Doc. 1, pp. 3-4). Notably, petitioner's appeal waiver included an acknowledgment that he was knowingly and voluntarily waiving his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines. Criminal Case, Doc. 131, p. 7.

Petitioner also filed a § 2255 petition raising an ineffective assistance of counsel claim. (Doc. 1, p. 4). The petition was unsuccessful. In its order dismissing the petition, the Court observed that petitioner waived his right to file the petition in his plea agreement. *See Malone v. United States*, No. 15-cv-1079-DRH (S.D. Ill. March 7, 2016), Doc. 24, p. 8. The Court also noted that petitioner's sentence was within the statutory maximum provided by the statute of conviction and applicable guideline range, rendering his waiver enforceable. *Id.* at p. 10.

The instant § 2241 Petition claims that *Dean v. United States*, 137 S.Ct. 1170 (2017) renders petitioner's sentence unlawful. In *Dean*, the Supreme Court "held that 18 U.S.C. § 924(c)(1)(D)(ii), which requires a sentence under § 924(c) to run consecutively to the sentence for the offense in which the firearm was used,

does not implicitly forbid the district court to choose a term of imprisonment for the predicate offense so that the aggregate imprisonment comports with the sentencing criteria in 18 U.S.C. § 3553(a)." *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017). *Dean* abrogated *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which "held that a district court must not reduce the sentence for the predicate crime in order to offset the consecutive § 924(c) sentence." *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the rules to other habeas cases.

This Court need not consider the merits of this case because petitioner explicitly waived his right to bring this challenge in his plea agreement in the Criminal Case. Criminal Case, Doc. 131. Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (citing *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000)); *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011). "The appeal waiver stands or falls with the plea agreement." *Id.* A subsequent change in the law does not make an appeal waiver involuntary. *United*

3

States v. Vela, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner does not claim that his plea or appeal and collateral attack waivers were involuntary or invalid. In any event, a § 2241 petition is not the appropriate vehicle for raising this argument. Petitioner's waiver and sentence have also survived scrutiny in the context of his § 2255 proceeding and his appeal. *See Malone v. United States*, No. 15-cv-1079-DRH (S.D. Ill. March 7, 2016), Doc. 24; (Doc. 1, p. 4). For these reasons, the Court finds that petitioner waived his right to bring this collateral attack on his sentence, and this action must be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** with prejudice for the reasons stated above. Respondent **TRUE** is also **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*,

4

547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.18 16:01:29
-05'00'
_____
United States District Judge